IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE B. ROWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:04-cv-1875-G |
| | § | |
| GARY REEVES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On May 15, 2014, Plaintiff Kyle Rowe filed a motion to renew a money judgment, see Dkt. No. 47, which Senior District Judge A. Joe Fish has referred to the undersigned magistrate judge for recommendation, *see* Dkt. No. 48. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff seeks to renew a default judgment that he was awarded on June 6, 2005 against Defendants Gary Reeves, Victor Noval, Joseph Medawar, StarBrand Holdings Corp. a/k/a StarBrand Holdings, L.L.C. ("StarBrand"), Calleo Gourmet Coffees, Inc. ("Calleo"), Ken Johnson, Ken Johnson and/or Calleo Gourmet Coffees, Inc. d/b/a Kicks Coffee Café ("Kicks"), Calleo Gourmet Coffees, L.L.C., and Sweet Lorraine Productions, Inc. ("SLP"). *See* Dkt. No. 41. Plaintiff elected to recover fraud damages and waived his breach of contract claims. *See id*. The Court awarded Plaintiff $175,000 in actual economic damages; $375,000 in exemplary damages;

$16,770.80 in pre-judgment interest at the rate of 5.75% under the Texas Finance Code §§ 304.101-04; and post-judgment interest under the Texas Finance Code § 304.003. *See id.*

The undersigned recommends that Plaintiff's motion to renew a money judgment should be granted by writ of execution.

## Legal Standards and Analysis for Renewal of Judgment

Federal law generally directs a federal court to look to state law when enforcing a money judgment. Under 28 U.S.C. § 1962, every judgment rendered by a district court within a state is a lien to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that state and ceases to be a lien in the same manner and time. *See* 28 U.S.C. § 1962. Federal Rule of Civil Procedure 69(a) provides that a money judgment is enforced by a writ of execution and that the procedure on execution must accord with the procedure of the state where the federal court is located. *See* FED. R. CIV. P. 69(a)(1).

Texas law permits a judgment creditor to prolong the life of a judgment indefinitely by merely having writs of execution timely issued every 10 years. *See TAPSS, L.L.C. v. Nunez Co.*, 368 B.R. 575 (W.D. Tex. 2005). In Texas, a judgment is enforceable so long as a writ of execution is issued within 10 years after judgment is rendered, and, if a writ of execution is issued within those 10 years, a second writ may be issued at any time within 10 years after the first writ is issued. *See* TEX. CIV. PRAC. & REM. § 34.001.

Under Texas Civil Practice & Remedies Code § 34.001, Plaintiff's motion to renew a money judgment should be granted. Plaintiff obtained a default judgment on June 6, 2005, *see* Dkt. No. 41, and enforced his money judgment within 10 years of June 6, 2005 by filing his motion to renew the judgment on May 15, 2014 against all Defendants, *see* Dkt. No. 47, and by filing an abstract of judgment on February 6, 2007, *see* Dkt. No. 43, and September 16, 2003, *see* Dkt. No. 46, against Johnson.

Plaintiff now seeks $334,649.13 in postjudgment interest on his $541,780.80 money judgment for a total renewed judgment of $876,429.93. However, Texas law on postjudgment interest provides for an amount different than the amount that Plaintiff seeks. Pursuant to the 2005 judgment, postjudgment interest is calculated under Texas Finance Code §§ 304.003 and 304.006. Section 304.003 provides that a money judgment, including court costs and prejudgment interest, earns postjudgment interest at the rate determined by the consumer credit commissioner. *See* TEX. FIN. CODE § 304.003. The postjudgment interest rate was 6.75% in November 2005. *See* State of Texas Office of Consumer Credit Commissioner, Historical Interest Rate Summaries–Judgment, http://www.occc.state.tx.us/pages/int_rates/Judgment%20Rate%20Summaries/July %2014%20Judgment%20Rate%20Summary.pdf (last visited Aug. 5, 2014). Section 304.006 provides that postjudgment interest compounds annually. *See* TEX. FIN. CODE § 304.006.

To calculate the total renewed judgment, the Court must calculate annual compound interest of 6.75% on a $541,780.80 money judgment entered against

Defendants on November 28, 2005. The formula for determining the renewed judgment amount is $A = P(1 + r)^n$.

     P is the principal (the 2005 money judgment)
     r is the annual rate of interest
     n is the number of years the amount has accrued
     A is the amount of money accumulated after n years, including interest

     P = \$541,780.80
     r = 6.75%
     n = 8 years (which have passed since November 28, 2005)

     $A = \$541{,}780.80(1 + 6.75\%)^8$
     $A = \$541{,}780.80(1.0675)^8$
     $A = \$541.780.80(1.686331954458677)$
     A = \$913,622.28

Thus, the money judgment against Defendants should be renewed in the amounts set forth below.

| | |
|---|---|
| a. Total Judgment: | \$541,780.80 |
| b. Costs after Judgment: | \$0 |
| c. Subtotal (add a and b): | \$0 |
| d. Credits after Judgment: | \$0 |
| e. Subtotal (subtract d from c): | \$0 |
| f. Interest after Judgment: | \$371,841.48 |
| g. Fee for filing renewal application: | \$0 |
| h. Total Renewed Judgment (add, e, f and g): | \$913,622.28 |

## Recommendation

Plaintiff's Motion to Renew Judgment [Dkt. No. 47] should be granted, and the Court should issue a writ of execution on the judgment in the amounts provided above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written

objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE